IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALFRED LEE MAULDIN | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv267 |
| BUREAU OF PRISONS | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Alfred Mauldin, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Petition

Petitioner challenges the validity of prison disciplinary case number 2205172 concerning an incident which occurred on July 15, 2011 while he was confined at the Federal Correction Institution located in Forrest City, Arkansas.

The Respondent's Motion to Dismiss

The respondent was ordered to show cause why relief should not be granted. In response, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The respondent asserts that the petition should be dismissed based on petitioner's failure to exhaust the available administrative remedy procedure. Further, the respondent contends petitioner's habeas claims are without merit. Finally, the respondent asserts that petitioner has raised numerous non-cognizable issues in this petition.

Analysis

*Exhaustion of Administrative Remedies*

The respondent asserts that petitioner failed to exhaust his administrative remedies concerning the claims presented in this petition. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g. United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar,* 60 F.3d 745, 747 (11th Cir. 1995). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

The Federal Bureau of Prisons (BOP), which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

Petitioner submitted grievances concerning his first disciplinary hearing. A re-hearing was ordered, in part, because it was not clear to administrators whether petitioner had received a copy of the three page incident report at least twenty-four (24) hours prior to the disciplinary hearing.

A re-hearing of the disciplinary case was conducted on April 26, 2012, and petitioner was again found guilty. As a result, petitioner received the following punishment: disallowance of thirteen days good conduct time, and loss of email, phone, and commissary privileges for 180 days (suspended pending clear conduct for 180 days).

Here, the competent summary judgment evidence shows petitioner did not properly exhaust his administrative remedies. Following his second disciplinary hearing, petitioner filed an administrative appeal with the Central Office of the Bureau of Prisons. The grievance was rejected on May 15, 2012 for not complying with the rules because petitioner was appealing more than one incident report. *See* 28 C.F.R. § 542.14(c)(2). Petitioner next filed an appeal to the institutional level which was rejected for not complying with the rules because a challenge to a disciplinary hearing must be submitted to the regional level. *See* 28 C.F.R. § 542.14(d)(2). Petitioner did not file an administrative remedy with the regional office in accordance with the established procedure. Accordingly, petitioner failed to exhaust his administrative remedies. As petitioner failed to exhaust administrative remedies prior to filing this petition, the petition should be dismissed without prejudice.

*Denial of Due Process*

Alternatively, the respondent asserts that petitioner has failed to demonstrate the denial of due process concerning the incident report at issue in this petition. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. Liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 2297-2300. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [ See, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S. Ct. at 2299. *See also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns). However, a federal inmate may have a statutorily-created liberty interest in good time credits. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (assuming without deciding); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (noting a state-created statutory right to good time credit which can be revoked for misconduct).

The denial of the opportunity of an inmate to reduce his sentence through the accrual of good-time credits does not implicate a constitutionally protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988). However, this case is distinguishable because it involves the loss of previously earned good conduct time.

The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Henson*, 213 F.3d at 898; *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974). In this petition, petitioner was not denied any of the *Wolff* protections.

In reviewing prison administrative actions, however, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). "Prison disciplinary

proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536-537. When a procedural safeguard is overlooked, however, there must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

In this case, the disciplinary hearing officer considered the charging officer's report and an investigation conducted at the SPC Forrest City. The DHO also considered documents petitioner mailed to the Attorney General, as well as petitioner's statements at the hearing. Based on his review of the above information, the hearing officer found petitioner guilty of the charged offense. As set forth above, information provided in a written incident report standing alone can satisfy the "some evidence" standard; thus, petitioner has failed to show a constitutional violation occurred. Accordingly, petitioner's claims should be denied.

*Nature of Action*

The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41. A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a compliant

pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, some of petitioner's claims do not contest the fact or duration of his confinement.[1] Instead, such claims challenge the conditions of petitioner's confinement. Accordingly, such claims do not serve as a basis for habeas corpus relief, but rather can form the basis for a claim under 42 U.S.C. § 1983. *See Spencer v. Bragg*, 310 F. App'x. 678, 2009 WL 405864, at *1 (5th Cir. 2009); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). To the extent petitioner contests the conditions of his confinement such claims shall be dismissed as not cognizable in a habeas proceeding. Thus, petitioner must pursue his claims contesting the conditions of his confinement by filing an appropriate civil rights action.

In this case, it would not further the interests of justice to construe petitioner's petition as a civil rights action. Ordinarily, the court would consider severing the claims to proceed as a separate civil action; however, petitioner is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

---

[1] Petitioner makes claims about the general conditions of his confinement in his original complaint, as well as in amended complaints, including retaliation, that he has been verbally disrespected by staff, and has had his mail censored.

7

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least five of petitioner's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.² Petitioner's allegations are general, conclusory, and factually insufficient to demonstrate he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Further, any fear of future harm is purely speculative. Accordingly, petitioner is barred from bringing a civil rights action *in forma pauperis*. Thus, allowing petitioner to proceed with his claims in this petition on an *in forma pauperis* basis would allow him to circumvent the § 1915(g) bar. Therefore, any claims attacking the conditions of petitioner's confinement will be dismissed. The dismissal of these claims should be without prejudice to petitioner's ability to re-file the claims after paying the appropriate filing fee. Accordingly, the petition should be dismissed without prejudice to petitioner's ability to pursue such claims by filing a separate civil rights action.

## Conclusion

For the reasons set forth above, the respondent's motion to dismiss and for summary judgment should be granted. Accordingly, the above-styled petition for writ of habeas corpus should be dismissed. It is therefore

---

² *See Mauldin v. United States*, Civil Action No. 2:08cv286 (D. Wyo. 2009) (dismissed for failure to state a claim): *Mauldin v. LSCI-Butner*, Civil Action No. 5:02cv911 (W.D. N.C. Dec. 26, 2002) (dismissed as frivolous); *Mauldin v. Roberts*, Civil Action No. 3:96cv159 (M.D. Tenn. Feb. 14, 1996) (dismissed as frivolous); *Mauldin v. Kennedy*, Civil Action No. 3:96cv4 (M.D. Tenn. Jan. 3, 1996); and *Mauldin v. Luttrell*. Civil Action No. 2:98cv2994 (W.D. Tenn. Feb. 7, 2000) (appeal dismissed as frivolous).

**ORDERED** that the respondent's motion to dismiss and for summary judgment is **GRANTED**. Further, it is

**ORDERED** that the above-styled petition is **DISMISSED** without prejudice to petitioner's ability to file his civil rights claims in a separate civil action. A final judgment will be entered in this case in accordance with this memorandum.

**SIGNED** this the 9 day of **September, 2013.**

_____
Thad Heartfield
United States District Judge